## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

HEATHER BIRD,

     Plaintiff,

     v.

BOROUGH OF MOOSIC, et al.,

     Defendants.

CIVIL ACTION NO. 3:20-cv-00337

(SAPORITO, M.J.)

## **MEMORANDUM**

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. The plaintiff, Heather Bird, is a part-time police officer for one of the two named defendants, the Borough of Moosic. Bird was injured on the job and applied for temporary disability benefits under the Pennsylvania Heart and Lung Act, 53 P.S. § 637. On September 10, 2019, the second of two named defendants, James Segilia, mayor of the Borough, summarily denied her application for Heart and Lung benefits.

On February 25, 2020, appearing through counsel, the plaintiff commenced this civil rights action by filing a complaint. (Doc. 1.) In her complaint, the plaintiff claims that this summary denial of her Heart and Lung Act benefits application violated her Fourteenth Amendment procedural due process rights because she was deprived of a property

interest without the requisite pre- or post-deprivation due process—that
is, she was denied her Heart and Lung benefits without being provided
with adequate notice, an explanation of the evidence upon which the
Borough based its denial, or an opportunity to present her side of the
story.

On March 17, 2020, the Borough moved to dismiss the complaint
for failure to state a claim upon which relief can be granted, together with
a brief in support of the motion. (Doc. 6.) On March 18, 2020, Bird filed a
brief in opposition to the borough's motion. (Doc. 7.) On March 19, 2020,
Segilia filed a motion joining in the Borough's motion to dismiss, adopting
its brief in support as his own. (Doc. 9.) On March 23, 2020, Bird filed a
brief in opposition to the mayor's motion, which was identical to her brief
in opposition to the borough's motion.[1] (*Compare* Doc. 12 *with* Doc. 7.) On
March 31, 2020, Segilia filed a reply brief. (Doc. 14.) Both motions are
ripe for decision.

## I.   BACKGROUND

Based on the complaint and attached exhibits, the plaintiff is a

---

[1] We have been unable to ascertain any difference between the two
briefs other than the date and the recipients listed on the certificate of
service.

part-time police officer for the Borough of Moosic. At some point on or before August 30, 2019, Bird was injured on the job. As she exited a police department trailer, she fell over some "police cones," landing on pavement and injuring her left knee. On August 30, 2019, Bird submitted an application to the Borough for Heart and Lung benefits.[2] At the time of her application, she was scheduled to undergo knee surgery in October 2019, with an expectation that she would require post-surgery physical therapy as well.

On September 10, 2019, Bird's application for Heart and Lung benefits was summarily denied by the mayor, defendant Segilia. Other than his one-word comment ("Denied") on the face of Bird's application form, the complaint alleges that the Borough failed to provide any notice of the denial of her application, any explanation of the evidence upon which the Borough based its denial, or any opportunity to present her side of the story prior to denial.

The parties' briefs and other filings reference and attach other

---

[2] Under the Heart and Lung Act, police officers and certain other state and local officials are entitled to receive their full salary and certain medical benefits if injured in the performance of their duties. *See generally* 53 P.S. § 637.

materials outside the pleadings, including records of administrative proceedings that occurred after the complaint was filed and the transcript of a deposition taken in discovery in this case. But we have excluded and decline to consider these additional materials in connection with the defendants' Rule 12(b)(6) motions. *See* Fed. R. Civ. P. 12(d).

## II.  LEGAL STANDARDS

### A. Rule 12(b)(1) Standard

The plaintiff bears the burden of establishing the existence of subject matter jurisdiction when challenged under Rule 12(b)(1).[3] *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). A defendant may challenge the existence of subject matter jurisdiction in

---

[3] The defendants argue that this Court should decline to exercise jurisdiction over this action pursuant to the *Burford* abstention doctrine. "There is some dispute as to whether a . . . *Burford* abstention argument should be raised under Rule 12(b)(1) or Rule 12(b)(6)." *M.D. v. Perry*, 799 F. Supp. 2d 712, 715 n.3 (S.D. Tex. 2011). But courts have often "favor[ed] Rule 12(b)(1) when evaluating *Burford* abstention." *Id.*; *see also Sullivan v. Saint-Gobain Performance Plastics Corp.*, 226 F. Supp. 3d 288, 294 n.5 (D. Vt. 2016) ("Although a decision to abstain is not necessarily a conclusion that the court lacks jurisdiction, a motion to dismiss based on the abstention doctrine may be analyzed under Rule 12(b)(1)." (internal quotation marks and brackets omitted)); *Kendall-Jackson Winery, Ltd. v. Branson*, 82 F. Supp. 2d 844, 853 (N.D. Ill. 2000) ("A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is the appropriate mechanism for raising abstention issues."). We shall do likewise here.

one of two fashions: it may attack the complaint on its face or it may attack the existence of subject matter jurisdiction in fact, relying on evidence beyond the pleadings. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Where a defendant attacks a complaint as deficient on its face, "the court must consider the allegations of the complaint as true." *Mortensen*, 549 F.2d at 891. "In deciding a Rule 12(b)(1) facial attack, the court may only consider the allegations contained in the complaint and the exhibits attached to the complaint; matters of public record such as court records, letter decisions of government agencies and published reports of administrative bodies; and 'undisputably authentic' documents which the plaintiff has identified as a basis of his claims and which the defendant has attached as exhibits to his motion to dismiss." *Medici v. Pocono Mountain Sch. Dist.*, No. 09-CV-2344, 2010 WL 1006917, at *2 (M.D. Pa. Mar. 16, 2010). However, when a motion to dismiss attacks the existence of subject matter jurisdiction in fact, "no presumptive truthfulness attaches to plaintiff's allegations," and "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen*, 549 F.2d at 891. This

case falls into the former category.

## B. Rule 12(b)(6) Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Nor is it required

to credit factual allegations contradicted by indisputably authentic documents on which the complaint relies or matters of public record of which we may take judicial notice. *In re Washington Mut. Inc.*, 741 Fed. App'x 88, 91 n.3 (3d Cir. 2018); *Sourovelis v. City of Philadelphia*, 246 F. Supp. 3d 1058, 1075 (E.D. Pa. 2017); *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588–89 (W.D. Pa. 2008).

## III.   DISCUSSION

The defendants have moved to dismiss on two separate grounds. First, they argue that we should abstain from exercising jurisdiction over this case pursuant to the *Burford* abstention doctrine.[4] Second, they argue that the plaintiff's due process claim should be dismissed for failure to state a claim because she lacked a protected property interest.

### A. *Burford* Abstention

The defendants contend that this action should be dismissed pursuant to the *Burford* abstention doctrine. As the Supreme Court of the United States has stated, however, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). "Abstention

---

[4] *See generally Burford v. Sun Oil Co.*, 319 U.S. 315 (1943).

rarely should be invoked, because the federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992) (quoting *Colorado River*, 424 U.S. at 817).

"*Burford* is concerned with protecting complex state administrative processes from undue federal interference . . . ." *New Orleans Pub. Serv. Inc. v. Council of New Orleans*, 491 U.S. 350, 362 (1989) [hereinafter, *NOPSI*]. "The purpose of *Burford* [abstention] is to avoid federal intrusion into matters of local concern and which are within the special competence of local courts." *Hi Tech Trans, LLC v. New Jersey*, 382 F.3d 295, 303–04 (3d Cir. 2004) (internal quotation marks omitted). The *Burford* abstention doctrine provides that:

> Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar"; or (2) where the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."

*NOPSI*, 491 U.S. at 361 (quoting *Colorado River*, 424 U.S. at 813).

But this is not an appropriate case for *Burford* abstention.

> The *Burford* abstention doctrine applies where a case involves both difficult, complex questions of state law and administration of a state law by a scheme of state administrative agencies. When this is the case, involvement by the federal courts may cause confusion, and disrupt the state's efforts to establish a coherent, uniform policy to solve a complex local problem. The danger which *Burford* abstention avoids is the prospect of a case being decided differently depending on whether it was heard by state officials and judges or by federal judges. In such a situation, a federal court could potentially undermine the state's administrative process.

*F.D.I.C. v. Sweeney*, 136 F.3d 216, 219 (1st Cir. 1998).

Here, there is no complex administrative scheme to disrupt, nor any difficult or complex questions of state law, nor any effort by the state to establish a coherent or uniform policy to solve a complex local problem. The legal issues presented are straightforward—we are tasked with the interpretation of a simple statute to determine if state law conferred upon the plaintiff a property interest protected by due process—and there is no unified state administrative apparatus—the law regarding Heart and Lung benefits is separately administered by no fewer than ten state

agencies,[5] 67 counties, and 2,560 municipalities. *See id.* ("The legal issues in this case are straightforward, and there is no unified state administrative apparatus to disrupt."); *see also Doe v. Hirsch*, 731 F. Supp. 627, 631 n.3 (S.D.N.Y. 1990) ("Because there does not exist here a complex administrative scheme, as in *Burford*, but instead a simple and straightforward state law, . . . I decline to abstain under *Burford*.").

Accordingly, we decline to abstain under *Burford*.

## B. Protected Property Interest

The plaintiff brings this civil rights action under 42 U.S.C. § 1983. Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other

---

[5] In addition to municipal police officers and firefighters and county sheriffs and deputy sheriffs, the Heart and Lung Act provides benefits to select officials employed by the state police, the state liquor control board, the state probation and parole board, the state capitol police; the state department of corrections, the state department of human services, the state attorney general's office, the Delaware River Port Authority police force, the state game commission, and the state fish and boat commission, as well as firefighters employed by any state agency. *See* 53 P.S. § 637.

proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 does not create substantive rights, but instead provides remedies for rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). To establish a § 1983 claim, a plaintiff must establish that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995). To avoid dismissal for failure to state a claim, a civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

Here, the plaintiff claims that the defendants violated her Fourteenth Amendment procedural due process rights when they summarily denied her application for Heart and Lung benefits without adequate notice, an explanation of the evidence upon which the Borough based its denial, or an opportunity to present her side of the story.[6] The defendants move to dismiss for failure to state a claim, arguing that, as

---

[6] In addition to these requirements, the plaintiff suggests in her complaint that due process may require a full-fledged adversarial hearing, even if only an informal one. *But see infra* note 9.

a part-time police officer, Bird was not eligible for Heart and Lung benefits and thus had no property interest protected by the Fourteenth Amendment's Due Process Clause.[7]

A plaintiff "who seeks to establish a procedural due process claim must demonstrate that (1) [she] was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to [her] did not provide 'due process of law.'" *Biliski v. Red Clay Consol. Sch. Dist. Bd. of Educ.*, 574 F.3d 214, 219 (3d Cir. 2009) (internal quotation marks omitted). The mere deprivation of an interest protected by the Due Process Clause "is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinerman v. Burch*, 494 U.S. 113, 125 (1990) (emphasis in original).[8]

---

[7] We note that the defendants' argument relies heavily on a representation by counsel in their briefs that, as a part-time police officer, Bird worked on a variable or "as-needed" basis for an hourly wage, without a fixed salary or a work schedule with a guaranteed minimum number of hours of work. But these representations do not reflect the facts alleged in the pleadings, which state only that Bird was a part-time police officer. The specific details of her compensation or work schedule are not alleged, and we have excluded and declined to consider all matter outside the pleadings. *See* Fed. R. Civ. P. 12(d).

[8] We note that the defendants do not argue at this stage that Bird received all the process that was due. They address only the first prong

The Supreme Court of the United States has held that property interests created by state law are protected by the Due Process Clause of the Fourteenth Amendment. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972).

> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. . . . Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

*Id.*

As we have previously recognized, the Pennsylvania Heart and Lung Act, 53 P.S. § 637, "provides for full salary and fringe benefit compensation of police officers injured in the performance of their duties. It provides compensation only for persons who are temporarily incapacitated, and does not apply where a disability is total or permanent." *Kegolis v. Borough of Shenandoah*, No. 3:03-CV-0602, 2006

---

of the test set forth above, arguing that the requirements of procedural due process do not apply because Bird lacked any protected property interest in Heart and Lung benefits.

WL 3814311, at *4 (M.D. Pa. Dec. 27, 2006). The Act "gives municipal police officers a property interest in, and an entitlement to, disability benefits for temporary injuries by obligating municipalities to pay them." *Griffin v. Municipality of Kingston*, Civil Action No. 3:08-cv-2290, 2009 WL 1794775, at *8 (M.D. Pa. June 23, 2009); *see also Kegolis*, 2006 WL 3814311, at *5 n.10 ("An injured police officer receiving Heart and Lung Act benefits has a constitutionally protected property right in those benefits."). Once the injured police officer begins receiving benefits, we have held that "Heart and Lung Act benefits may not be terminated without conducting a full due process hearing in which the employer establishes one of two bases of termination: (1) claimant is able to return to work because their disability has ceased, or (2) claimant's disability is permanent as opposed to only temporary." *Kegolis*, 2006 WL 3814311, at *5 n.10.

The plaintiff in this case, however, never received Heart and Lung benefits—the purported deprivation of a protected property interest was not *termination* of disability benefits, but the denial of her application for benefits in the first instance. The parties have not briefed the question of what sort of process, if any, is required in connection with an initial

denial of benefits such as this.[9] Instead, their focus has been solely on the question whether Bird had a property interest in Heart and Lung benefits. The defendants contend that she did not because she is ineligible to receive Heart and Lung benefits under the terms of the statute, and thus procedural due process protections were not triggered.[10]

In relevant part, the Heart and Lung Act provides that:

> any policeman, fireman or park guard of any county, city, borough, town or township . . . who is injured in the performance of [her] duties . . . , and by reason thereof

---

[9] Considering a similarly postured claim challenging an initial denial of Heart and Lung benefits, our sister court has held that "the due process clause requires that a public employee, such as [the plaintiff police officer], be given notice of the charges against her, an explanation of the employer's evidence, and an opportunity to present her side of the story." *Russell v. City of Philadelphia*, Civil Action No. 13-3151, 2016 WL 4478764, at *8 (E.D. Pa. Aug. 25, 2016) (quoting *McDaniels v. Flick*, 59 F.3d 446, 454 (3ed Cir. 1995)) (brackets and internal quotation marks omitted).

[10] An injured police officer does not have a constitutionally protected property interest in Heart and Lung benefits to which she is not entitled. *See Gilotty v. Twp. of Moon*, 846 A.2d 195, 199–200 (Pa. Commw. Ct. 2004) (permanently disabled police officer not eligible for Heart and Lung benefits, which are provided only to those who are temporarily incapacitated); *Breyan v. Dep't of Conservation & Nat. Res.*, 202 A.3d 168, 171 (Pa. Commw. Ct. 2019) (DCNR ranger was not eligible for Heart and Lung benefits because he was not employed by a municipality or any state agency named in the statute, and thus he had no cognizable property interest in Heart and Lung benefits). *See generally Roth*, 408 U.S. at 577 ("To have a property interest in a benefit, a person clearly must . . . have *a legitimate claim of entitlement* to it.") (emphasis added).

- 15 -

> is temporarily incapacitated from performing [her] duties, shall be paid . . . by the county, township or municipality, by which [she] is employed, [her] full rate of salary, as fixed by ordinance or resolution, until the disability arising therefrom has ceased. All medical and hospital bills, incurred in connection with any such injury, shall be paid . . . by such county, city, township or municipality.

53 P.S. § 637(a)(10). As the Supreme Court of Pennsylvania has observed:

> [T]he Heart and Lung Act covers specified public employees engaged primarily in police work, firefighting, or other jobs involving public safety. The Act was created to ensure that, if these employees were injured or otherwise disabled in the course of carrying out their hazardous duties, they would be guaranteed continued *full income* until their return to duty. The best interest of the municipality and not the disabled officer was the prime consideration prompting its enactment. Efficient firemen and police officers must take chances; the performance of their duties are hazardous. The prospect of uninterrupted income during periods of disability well may attract qualified persons to these vocations.

*City of Erie v. W.C.A.B. (Annunziata)*, 838 A.2d 598, 603 (Pa. 2003) (emphasis in original) (citations, brackets, ellipses, and internal quotation marks omitted). The primary benefit is payment of the injured officer's full, fixed *salary* while temporarily disabled, and Pennsylvania appellate courts have strictly construed the statute and held that this benefit does not include vacation pay, overtime, or other variable

compensation above the injured officer's fixed base salary. *See id.* (vacation and overtime pay excluded); *Horner v. Borough of California,* 698 A.2d 1360, 1361–62 (Pa. Commw. Ct. 1997) (vacation pay excluded); *Schmidt v. Borough of Stroudsburg,* 670 A.2d 208, 209–10 (Pa. Commw. Ct. 1996) (overtime pay excluded).

The defendants argue that Bird was not entitled to due process prior to denial of her benefits application because she lacked any cognizable property interest in Heart and Lung benefits. Their argument, however, relies on a premise not gleaned from the complaint—that Bird, as a part-time police officer, worked variable hours on an "as-needed" basis at an hourly wage, with no fixed salary or schedule and no minimum number of hours guaranteed. While the evidence adduced by the parties through discovery might ultimately bear this out, we cannot rely on the representations of defense counsel or other matter outside the pleadings in considering the Rule 12(b)(6) motions currently before us. *See* Fed. R. Civ. P. 12(d).[11] As the facts are pleaded in the complaint, there

---

[11] In any event, we note that state appellate case law suggests that a police officer's part-time status is not dispositive of this "salary" question. Under the Heart and Lung Act, even though an employee may be paid on an hourly basis, if that employee has an established and regular work schedule (e.g., a 40-hour workweek), her "salary" may be

is simply no basis for us to accept the defendants' premise and dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted.

Moreover, even if we were to accept the extrinsic factual premise underlying the defendants' argument—that a part-time police officer does not receive any fixed salary compensable under the Heart and Lung Act—it would not be dispositive of the plaintiff's claim that she had a property interest in Heart and Lung benefits. While the Heart and Lung Act provides for payment of an injured police officer's full salary while temporarily incapacitated, that is not the only benefit to which she is entitled under the Act. The defendants have overlooked the following sentence in the statute, which confers an entitlement to medical benefits as well. *See* 53 P.S. § 637(a) ("All medical and hospital bills, incurred in connection with any such injury, shall be paid . . . by such county, city,

---

determined by multiplying the number of her regularly scheduled hours times her hourly wage. *See Celi v. Dep't of Pub. Welfare*, 869 A.2d 1045, 1048–49 (Pa. Commw. Ct. 2004) (construing Act 534); *see also id.* at 1048 (noting that Act 534 and the Heart and Lung Act have nearly identical payment provisions). It appears to remain an open question, however, whether an hourly employee with a variable schedule and no set minimum number of hours has any "salary" at all. *Annunziata*, *Horner*, and *Schmidt* suggest that such an employee would have no salary at all as the term is used in the Heart and Lung Act.

township or municipality.").[12] Bird's application for Heart and Lung

benefits, which is attached as an exhibit to the complaint, clearly states

that Bird's injuries required professional medical treatment, including

surgery and physical therapy. We find it reasonable to infer that this

medical treatment came at some expense, for which the Heart and Lung

Act would appear to obligate the Borough to pay, a benefit to which Bird

is entitled under the Act.

Accordingly, we decline to dismiss the complaint for failure to state

---

[12] The defendants have cited to a state trial court decision, in which that court found a part-time police officer was entirely *ineligible* for Heart and Lung benefits because he was paid a variable salary with a variable work schedule. *See Davies v. Taylor Borough Council*, No. 15 CV 7494, slip op. (Lackawanna Cty. (Pa.) C.C.P. July 27, 2016) (Doc. 6-1). The *Davies* court appears to have overlooked this provision as well, perhaps because there were no compensable medical expenses. Regardless, the *Davies* decision is not binding on this Court, and we find it inapposite to the facts pleaded in this case, where medical expenses were clearly incurred. *See Edwards v. HOVENSA, LLC*, 497 F.3d 355, 361 (3d Cir. 2007) (noting that a federal court considering a state-law issue is bound to follow state law as announced by the highest state court and, in the absence of a controlling decision by the highest state court, state intermediate appellate decisions are datum for predicting what the highest state court would decide); *Schleinkofer v. Nat'l Cas. Co.*, 339 F. Supp. 2d 683, 686 (W.D. Pa. 2004) ("In interpreting state statutes, only decisions of the state's highest court are binding upon federal courts . . . ."); *Allegheny Ludlum, LLC v. Liberty Mut. Ins. Co.*, ___ F. Supp. 3d ____, 2020 WL 6361858, at *4 (W.D. Pa. Sept. 17, 2020) ("Although the opinions of other state courts and federal courts applying Pennsylvania law are helpful, they are merely persuasive authorities.").

a claim upon which relief can be granted.

## IV.   CONCLUSION

For the foregoing reasons, the defendants' motions to dismiss (Doc.

6; Doc. 9) will be denied.

An appropriate Order follows.

Dated: December 28, 2020           *__s/Joseph F. Saporito, Jr.__*
                                   JOSEPH F. SAPORITO, JR.
                                   United States Magistrate Judge