UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HEATHER BIRD, | |
| Plaintiff, | CIVIL ACTION NO. 3:20-cv-00337 |
| v. | (SAPORITO, M.J.) |
| BOROUGH OF MOOSIC, et al., | |
| Defendants. | |

FILED
WILKES BARRE
FEB 19 2021
PER _____
DEPUTY CLERK

## MEMORANDUM

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. The plaintiff, Heather Bird, is a part-time police officer for one of the two named defendants, the Borough of Moosic. Bird was injured on the job and applied for temporary disability benefits under the Pennsylvania Heart and Lung Act, 53 P.S. § 637. On September 10, 2019, the second of two named defendants, James Segilia, mayor of the Borough, summarily denied her application for Heart and Lung benefits.

On February 25, 2020, appearing through counsel, the plaintiff commenced this civil rights action by filing a complaint. (Doc. 1.) In her complaint, the plaintiff claims that this summary denial of her Heart and Lung Act benefits application violated her Fourteenth Amendment procedural due process rights because she was deprived of a property

interest without the requisite pre- or post-deprivation due process—that is, she was denied her Heart and Lung benefits without being provided with adequate notice, an explanation of the evidence upon which the Borough based its denial, or an opportunity to present her side of the story.

On December 29, 2020, we entered an order that, among other things, directed the parties to show cause why this case should or should not be dismissed for lack of ripeness for adjudication. (Doc. 52.) *See generally Suburban Trails, Inc. v. N.J. Transit Corp.*, 800 F. 2d 361, 365 (3d Cir. 1986) ("[R]ipeness of issues for adjudication is a matter we must raise and examine independently of the parties' wishes."). Both sides have responded. (Doc. 54; Doc. 55; Doc. 56.)

Based on the record before us, it appears that on February 19, 2020, a hearing officer was designated by the Borough to conduct an administrative hearing on the plaintiff's claim for Heart and Lung Act benefits, pursuant to the Pennsylvania Local Agency Law, 2 Pa. Cons. Stat. Ann. § 553. (Doc. 54-1, at 27 n.1.) On February 27, 2020, the hearing officer provided the plaintiff with written notice of the hearing, originally scheduled to take place on March 27, 2020. (Doc. 39-1, at 19.) The hearing

was twice postponed—once due to the COVID-19 pandemic and once at the request of plaintiff's counsel. (*Id.*, at 26, 28.) Ultimately, the hearing was held on August 27, 2020. On December 4, 2020, the hearing officer issued a decision finding that the plaintiff was ineligible to receive Heart and Lung benefits because she was a part-time, non-salaried police officer. (Doc. 54-1, at 26–32.)

In a December 20, 2020, letter to the court regarding the hearing officer's decision, plaintiff's counsel noted that the hearing officer's adjudication report had not yet been offered to the Borough Council for consideration, and it had not yet been accepted or adopted by the Borough Council as a local agency decision. (Doc. 49, at 2.) *See generally Lewis v. Sch. Dist. of Philadelphia*, 28 PPER ¶ 28084, 1997 WL 34821379 (Pa. Commw. Ct. Mar. 5, 1997) (holding that, under Local Agency Law, a municipality complies with due process requirements "by: (1) appointing a hearing officer to hold a hearing at which [the employee] was represented by counsel and had the opportunity to cross-examine witnesses; (2) reviewing the [hearing] officer's findings of facts, conclusions of law and recommendation; and (3) making an independent ruling based on the entire record"); *Romanick v. Rush Twp.*, 44 PPER

¶ 99, 2013 WL 1683691 (Pa. Commw. Ct. Apr. 4, 2013) (noting that township supervisors adopted a hearing officer's decision regarding a police officer's removal as police chief and demotion to patrol officer).[1]

Based on the posture of the plaintiff's administrative appeal, we find her due process claims are not ripe for adjudication by this federal district court because administrative proceedings before the Borough are not final, and she has not yet availed herself of state court forums for judicial review of a final administrative adjudication. *See Amanto v. Witlin*, 544 F. Supp. 140, 142 (M.D. Pa. 1982) ("There must be at least some definitive administrative determination resulting in a denial or deprivation of due process before [a plaintiff] can raise such a claim. Until there is a final decision which has practical impact on a litigant, it is not ripe for adjudication."); *see also Bonilla v. City of Allentown*, 359 F. Supp. 3d 281, 299 (E.D. Pa. 2019) (dismissing due process claims as premature where former police officer's disability pension application remained pending after a state court reversed and remanded it to a municipal

---

[1] The Borough Council's minutes and agendas, which are available to the public on the Borough's web site, and of which we may take judicial notice, *see Perano v. Twp. of Tilden*, Civil Action No. 09-00754, 2010 WL 1462367, at *1 n.1 (E.D. Pa. Apr. 12, 2010), do not reflect consideration of any resolution adopting the hearing officer's adjudication either.

pension board for further proceedings); *Isajewicz v. Bucks Cty. Dep't of Commc'ns*, 851 F. Supp. 161, 166 (E.D. Pa. 1994) (dismissing due process claims as unripe where terminated city employee failed to appeal CBA-mandated arbitration decision and "raise these matters in available and constitutionally adequate" state court proceedings); *Gniotek v. City of Philadelphia*, 630 F. Supp. 827, 831–32 (E.D. Pa. 1986) (citing *Amanto*, 544 F. Supp. at 142, and dismissing due process claims as unripe where underlying claims remained under review by municipal pension board).[2]

Accordingly, this case shall be dismissed for lack of ripeness for adjudication.

An appropriate order follows.

Dated: February __19__, 2021

JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

---

[2] The plaintiff has argued that, notwithstanding these ongoing administrative proceedings, she has a ripe claim based for pre-deprivation denial of due process because the Borough mayor summarily denied her initial claim for Heart and Lung benefits. But, as we previously noted (*see* Doc. 53, at 3–4), "a procedural due process violation is not complete unless and until the [s]tate fails to provide due process because the state may cure a procedural deprivation by providing a later procedural remedy." *Bonilla*, 359 F. Supp. 3d at 297 (internal quotation marks omitted). Here, that later procedural remedy is still unfolding.